## EX PARTE BUTLER SPEARS.

### No. 3508. Decided January 24, 1906.

**Carrying Pistol—Habeas Corpus—Discharge of Fine—Statutes Construed.**

Upon trial of habeas corpus upon a showing that relator was convicted for unlawfully carrying a pistol, and that the fine and cost amounted to $121.75, that being unable to pay the same he was put to work for the benefit of the county for about sixty days, and then placed in jail after resorting to the writ of habeas corpus for one month and a half. Held that under article 856, Code Criminal Procedure, allowing $3 per day, his fine and cost was discharged.

Appeal from the County Court of Titus. Tried below before Hon. Zeb F. Caldwell.

Appeal from a judgment remanding relator to custody upon a hearing of habeas corpus to be discharged from a judgment convicting him of unlawfully carrying a pistol and a fine of $5 and cost, which he claimed to have discharged by work and imprisonment.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Relator was convicted for unlawfully carrying on and about his person a pistol, and was allotted thirty days in the county jail, and the fine and costs amounted to $121.75. The conviction occurred on July 24th. He remained in jail until August 24th. On the 25th of August he made an affidavit of in-

ability to pay the fine and costs, and was put to work for the benefit of the county, and continued working until November 1st, since which time to the date of resorting to the writ of habeas corpus, December 15th, he was kept in jail. From the first of November, and including December 15th, at $3 per day, under article 856, Code Criminal Procedure, without even counting the sixty odd days he worked for the benefit of the county, would fully pay off and discharge the fine and costs. Deducting the time of his work, there would be forty-five days from the first day of November to December 15th, which would be far in excess of the amount of fine and costs at the stipulated $3 per day. On the trial the court remanded applicant to custody, which we think was error. The judgment should have discharged him from further liability. We therefore hold that relator's application is well taken, and he is entitled to be discharged, and it is accordingly so ordered.

*Relator discharged.*